UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Clara Moussa Boustany,<br><br>　　　　　　　　*Applicant*,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Case No. 23-203 |

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782**
**TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

　　Applicant Clara Moussa Boustany respectfully submits this memorandum of law in support of her *ex parte*[1] application for an order pursuant to U.S.C. § 1782 granting her leave to conduct discovery for use in pending legal proceedings in Monaco from two banks found in this district: JP Morgan Chase & Co. and JP Morgan Private Bank (the "Banks").[2]

　　This application arises out of divorce proceedings her husband, Fadi Boustany, initiated in Monaco in 2022. More specifically, Moussa Boustany seeks to discover evidence of Boustany's income and assets, which she will submit to the Monegasque courts in connection with a dispute regarding the amount of the monthly payments Boustany must pay Moussa Boustany during the

---

[1] "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *In re Hornbeam Corporation*, 722 Fed.Appx. 7, 11 (2d Cir. 2018) (quoting *Gushlak v. Gushlak*, 486 Fed.Appx. 215, 217 (2d Cir. 2012)).

[2] Moussa Boustany previously applied to this Court and to the United States District Court for the Southern District of Florida for orders under 28 U.S.C. § 1782 to obtain discovery from certain individuals with information relevant to the pending Monegasque proceeding. Those applications were granted. *See* S.D.N.Y. Case No. 1:23-mc-00027; S.D.Fla. CaseNo. 1:23-mc-20365-BB.

1

divorce proceedings as well as the amount of the compensation Boustany must pay after the end of the marriage.

This application is further supported by the declarations of Moussa Boustany and Thomas Giaccardi, Moussa Boustany's counsel in the Monaco proceedings.

## STATEMENT OF FACTS

Applicant Moussa Boustany and her husband, Fadi Boustany, have been married for 16 years.[3] They have three minor children.[4] Boustany suffers from multiple sclerosis, which has left him almost entirely physically disabled.[5]

On October 26, 2022, Boustany commenced divorce proceedings before a Monegasque court.[6] Under Monegasque law, Moussa Boustany may request a monetary allowance for the duration of the divorce proceedings as well as compensation upon the ending of the marriage based on various criteria, including the income and assets of the parties.[7] The purpose of the allowance and the compensation is to ensure that Moussa Boustany and their children are able to continue the lifestyle to which they have become accustomed.[8]

On January 11, 2023, Boustany and Moussa Boustany participated in a "conciliation hearing" — a mandatory preliminary hearing after which a magistrate considers provisional measures to apply during the pendency of the divorce proceedings.[9] On February 1, 2023, the

---

[3] Moussa Boustany Decl. ¶ 2.//
[4] *Id.*//
[5] *Id.* ¶ 3.//
[6] Giaccardi Decl. ¶¶ 3-4.//
[7] *Id.* ¶ 6.//
[8] *Id.*//
[9] *Id.* ¶ 5.

magistrate issued a decision acknowledging a discrepancy between Boustany's claimed income and his expenses, and found that there is a question of fact regarding Boustany's finances.[10]

The divorce proceedings currently are pending before the Monegasque Court of First Instance, which ultimately will decide the consequences of the divorce, taking into account Boustany's income, assets, and lifestyle.[11]

Boustany is believed to be the owner of Café Operations, LLC.[12] Café Operations maintains accounts[13] with JP Morgan Private Bank and Chase Bank in New York, which were funded, in part, by one of Boustany's personal accounts.[14] JP Morgan Private Bank and Chase Bank are affiliates, subsidiaries, and/or d/b/as of entities under the common control of JP Morgan Chase & Co.[15] JP Morgan Private Bank maintains an office in New York separate from JP Morgan Chase & Co.[16] Thus, the Banks would have information about Boustany's finances, including the value of his investment in Café Operations and the account(s) from which Boustany transferred funds to Café Operations, in their possession, custody, and control.

Boustany also is believed to control the Metropole group, which comprises a 5-star "palace" hotel (70% of which is indirectly owned by Fadi) in the Golden Triangle in Monaco, an

---

[10] Giaccardi Decl. ¶ 7.

[11] *Id*. ¶ 8-9.

[12] Moussa Boustany Decl. ¶ 5.

[13] This application references certain bank accounts by number. Pursuant to Fed. R. Civ. P. 5.2(a), they must be redacted. Accordingly those references have been redacted from those documents on the public docket.

[14] *Id*. ¶ 6.

[15] *See* https://jpmorganchaseco.gcs-web.com/node/546891/html, https://www.chase.com/, and https://privatebank.jpmorgan.com/gl/en/locations/united-states/new-york/new-york, each last accessed on May 18, 2023.

[16] https://privatebank.jpmorgan.com/gl/en/locations/united-states/new-york/new-york, last accessed on May 18, 2023.

adjacent luxury residence building, a parking facility with more than 130 spaces (each one costs €500,000), and a shopping center (40% of which is indirectly owned by Fadi) with approximately 80 shops and six restaurants.[17] The Metropole group is believed to maintain at least two investment accounts with JP Morgan Private Bank.[18] Thus, the Banks would have information relevant to the value of Boustany's investment in the Metropole group.

## ARGUMENT

Section 1782 is intended to "provid[e] efficient means of assistance to participants in international litigation … and encourag[e] foreign countries by example to provide similar means of assistance to [U.S.] courts."[19] In service of these primary aims, the statute has been given "increasingly broad applicability."[20]

In deciding whether to grant a section 1782 application, this Court must consider whether (1) the statutory requirements have been met and (2) the four factors articulated by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*[21] weigh in favor of granting the application. As set forth below, the statutory requirements have been met and the *Intel* factors weigh in favor of granting Moussa Boustany's application.

---

[17] Moussa Boustany Decl. ¶ 9.

[18] *Id.* ¶ 10.

[19] *In re Catalyst Managerial Servs., DMCC*, 680 F.Appx. 37, 38 (2d Cir. 2017) (citation omitted).

[20] *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (citations omitted).

[21] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).

I.  **Moussa Boustany's application meets the statutory requirements of 28 U.S.C. § 1782.**

Section 1782 authorizes a district court to order a person to produce documents or testimony for use in a foreign proceeding where three requirements are met: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by … 'any interested person'."[22] This application meets each of those requirements.

*First*, the Banks "reside[] or [are] found" in the Southern District of New York. JPMorgan Chase & Co. has its principal executive offices at 383 Madison Avenue, New York, NY 10179.[23] JP Morgan Private Bank also has offices at 390 Madison Avenue, New York, NY 10017.[24]

*Second*, the requested discovery is "for use in a proceeding before a foreign tribunal" — *i.e.*, the Boustany divorce proceedings in Monaco. Courts routinely grant section 1782 applications in connection with foreign divorce proceedings.[25]

---

[22] *In re Application of Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010).

[23] JPMorgan Chase & Co. Form 10-Q dated March 31, 2023 (last accessed May 18, 2023 at https://jpmorganchaseco.gcs-web.com/node/546891/html).

[24] https://privatebank.jpmorgan.com/gl/en/locations/united-states/new-york/new-york, last accessed May 18, 2023.

[25] *See, e.g., In re Request for Judicial Assistance from People's Court of Da Nang City in Vietnam in Matter of Dinh v. Nguyen*, Case No. 22-mc-80149-JST, 2022 WL 3327923, at *2 (N.D. Cal. Aug. 11, 2022); *In re Request for Judicial Assistance from 13th Family Court of Istanbul, Turkey in Matter of Canbilek v. Canbilek*, Case No. 21-20405 (BRM) (LDW), 2022 WL 721912, at *2 (D.N.J. Feb. 18, 2022); *In re MacDonell*, Case No. 2:20-cv-1332 KJM DB, 2020 WL 3961958, at *2 (E.D. Cal. July 13, 2020); *In re Mariani*, Case No. 20 Misc. 152 (JGK) (GWG), 2020 WL 1887855, at *1 (S.D.N.Y. April 16, 2020); *In re Republic of Argentina*, Case No. 20-mc-20589-BLOOM, 2020 WL 3046029, at *1 (S.D. Fla. Feb. 12, 2020).

*Third*, as a party to the pending Monegasque proceedings, Moussa Boustany is unquestionably an "interested person" under Section 1782. "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."[26]

## II. The *Intel* factors militate in favor of granting this application.

The Supreme Court has identified four factors that should be considered in ruling on a Section 1782 application: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome."[27] Each of these factors weighs in favor of granting Moussa Boustany's request for discovery.

*First*, the Banks are not participants in the foreign proceedings — Moussa Boustany and Boustany are the only parties.[28] Absent this court's assistance, Moussa Boustany would be unable to obtain the necessary information. Thus, this factor weighs in favor of granting Moussa Boustany's application.[29]

---

[26] *Intel*, 542 U.S. at 256 (alteration in original); *see also In re Mariani*, 2020 WL 1887855, at *1.
[27] *Intel* at 264-265.
[28] Giaccardi Decl. ¶¶ 3-5, 8.
[29] *Intel*, 542 U.S. at 264; *In re Accent Delight International Ltd.*, 791 Fed.Appx. 247, 251 (2d Cir. 2019).

*Second*, the nature of the divorce proceedings is such that the Monegasque court can be expected to be receptive to the information sought via this application.[30] This factor weighs in favor of granting the application unless the court is presented with "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."[31] Here, the Monegasque court must consider Boustany's financial condition in determining the amount of payments Boustany must make to Moussa Boustany.[32] Thus, the Monegasque court is likely to welcome the evidence of Boustany's holdings, income, and other benefits that Moussa Boustany seeks via this application.[33]

*Third*, Moussa Boustany is not attempting to circumvent any applicable proof-gathering restrictions. Rather, she is seeking in good faith relevant discovery from a non-party beyond the jurisdiction of the Monegasque court. This factor weighs in favor of granting the application unless the laws of the foreign country preclude the use of the requested evidence.[34] Monegasque law does not preclude the use of the requested evidence.[35] To the contrary, as explained above, the Monegasque court is likely to welcome documents and recorded testimony concerning Boustany's finances.

*Fourth*, the discovery sought is not burdensome and falls well within the scope of discovery authorized by Rule 26 of the Federal Rules of Civil Procedure, which govern

---

[30] Giaccardi Decl. ¶¶ 11-12.

[31] *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995).

[32] Giaccardi Decl. ¶ 9.

[33] *Id.* ¶ 11.

[34] *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015).

[35] Giaccardi Decl. ¶ 12.

discovery under Section 1782.[36] Moussa Boustany seeks only information directly relevant to the Monegasque court's determination of how much Boustany must pay her after the divorce: documents concerning specific accounts, assets, income, and transactions.[37] Moreover, the requested evidence should be readily accessible in electronic files. Any incidental burden is outweighed by the central importance of the requested information to the divorce proceedings.

## CONCLUSION

For the reasons set forth herein, this Court should grant Moussa Boustany's application and enter an order authorizing Moussa Boustany to issue and serve subpoenas on JP Morgan Chase & Co. and JP Morgan Private Bank containing the substance and form of the subpoenas attached as Exhibits A and B to Moussa Boustany's application.

Dated:   New York, New York
         June 16, 2023

>                       Respectfully submitted,
>                       **LUPKIN PLLC**
>
>
>                       By:   _____/s/ *Michael B. Smith* _____
>                             Jonathan D. Lupkin
>                             Michael B. Smith
>
>                       80 Broad Street, Suite 3103
>                       New York, NY 10004
>                       Tel: (646) 367-2771
>                       Fax: (646) 219-4870
>                       jlupkin@lupkinpllc.com
>                       msmith@lupkinpllc.com
>
>                       *Counsel for Clara Moussa Boustany*

---

[36] *See Mees* at 302.

[37] *See* Application of Clara Moussa Boustany for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding, Exs. A & B.