UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
                                                            :
                                                            :
IN RE: CLARA MOUSSA BOUSTANY               :          23 Misc. 203 (LGS)
                                                            :
                                                            :          <u>ORDER</u>
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

 WHEREAS, Petitioner Clara Moussa Boustany moves for an order pursuant to 28 U.S.C.

§ 1782 granting her leave to conduct document discovery for use in a pending divorce

proceeding in Monaco.  Petitioner seeks discovery from JP Morgan Chase & Co. ("JPMC") and

JP Morgan Private Bank (together, the "Banks")[1] pertaining to the income and assets of her

husband, Fadi Boustany ("Fadi").[2]  Petitioner contends this information is relevant to monthly

payments that Fadi must pay Petitioner during the divorce proceeding and after the dissolution of

the marriage.  On November 3, 2023, Petitioner was ordered to serve Fadi and the Banks with

the papers in support of the application.  Fadi and the Banks subsequently appeared and each

filed a memorandum of law in opposition to the application;

 WHEREAS, "[t]he district court of the district in which a person resides or is found may

order him to give his testimony or statement or to produce a document or other thing for use in a

proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  "A person may not be

compelled to give his testimony or statement or to produce a document or other thing in violation

---

[1] In their memorandum in opposition to the application, the Banks contend that "JP Morgan
Private Bank" is not a proper target of relief under 28 U.S.C. § 1782 because it is only a brand
name, not a legal entity.
[2] Fadi Boustany's first name is used as the short form to avoid confusion with Petitioner, Clara
Moussa Boustany.

of any legally applicable privilege." *Id.*  A district court conducting the § 1782 analysis proceeds in two steps.  First, the court determines whether the application satisfies the three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).[3]  Second, if the statutory requirements are met, the court may grant discovery in its discretion "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.*  To evaluate whether granting an application would further those aims, courts are to consider the four so-called *Intel* factors articulated by the Supreme Court: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome." *Id.*  (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).  "[T]he ultimate decision to grant or deny an application is discretionary," but courts "are not free to read extra-statutory barriers to discovery into section 1782 under the guise of exercising their discretion." *Id.*  "[I]t is far preferable for a district court to reconcile whatever

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015);

WHEREAS, unless the court prescribes otherwise, documents produced pursuant to 28 U.S.C. § 1782 must be "in accordance with the Federal Rules of Civil Procedure." Under the Federal Rules, a subpoenaed party must produce only those documents that are in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1) & 45(a)(1)(A)(iii). "[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007); *accord In re Mun*, No. 22 Misc. 163, 2022 WL 17718815, at *2 (S.D.N.Y. Dec. 15, 2022). "'Control' does not require actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents." *Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023). "[I]f a party has access and the practical ability to possess documents not available to the party seeking them, production may be required." *Id.* "Where documents ordinarily flow freely between two affiliated entities or a parent and a subsidiary, courts will typically find that either entity has access and the practical ability to obtain documents." *In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20 Misc. 315, 2021 WL 2894721, at *3 (S.D.N.Y. July 9, 2021); *see also In re Liverpool Ltd. P'ship*, No. 21 Misc. 392, 2021 WL 5605044, at *3 (S.D.N.Y. Nov. 24, 2021). The party seeking discovery has the burden of showing that the other party has control over the materials sought and, if they fail to do so, the court's § 1782 analysis need go no further. *See, e.g.*, *In re Application of CBRE Glob. Invs. (NL) B.V.*, 2021 WL 2894721, at *3, *6; *In re Mun*, 2022 WL 17718815, at *2; *In re FourWorld Event Opportunities Fund, L.P.*, No. 22 Misc. 330, 2023 WL 3375140, at *1 (S.D.N.Y. May 11, 2023);

WHEREAS, the Banks assert that "because JPMC is merely a holding company, it lacks possession, custody, or control over subsidiaries' records" located overseas.  For example, a declaration submitted alongside Fadi's memorandum in opposition attests that Fadi's accounts are held at J.P. Morgan Bank Luxeumbourg S.A., a foreign entity.  In an earlier filing, the Banks sought, and were granted, a one-month extension to file their responsive papers, in order to "determine if any of the bank accounts at issue are with a proper U.S. entity operating within this district and, if appropriate, meet and confer with Ms. Boustany about serving a subpoena on the correct U.S. entity."  In her reply memorandum, Petitioner alleges that the results of this investigation have not been shared with her;

WHEREAS, the Banks have done little to persuade the Court that they lack the "practical ability to obtain the documents" Petitioner seeks.  *See Mirlis*, 80 F.4th at 382.  Ultimately, however, it is Petitioner's burden to show that those documents are in the Banks' control.  *See In re Liverpool Ltd. P'ship*, 2021 WL 5605044, at *3 (rejecting petitioner's argument that respondent had not provided evidence that it lacked control over documents because "this improperly shifts the burden").  Petitioner's arguments for the Banks' control of the sought-after materials are based almost entirely on conjecture.  She contends, for example, that JPMC has over fifty officers focused on operations, and holds itself out as a "leading financial services firm" with global operations and over 250,000 employees.  Given these substantial international resources, she argues, "[i]t defies logic to assume that none of these officers . . . has the legal or practical ability to obtain account records."  Petitioner submits that "the evidence presented here establishes JPMC as more directly involved with the day-to-day operations of its subsidiaries than the evidence" in other cases.  But the "evidence" Petitioner puts forth amounts to little more than marketing materials, not information that demonstrates a history of close coordination or cooperation between JPMC and its international affiliates.  These allegations alone are

insufficient to carry Petitioner's burden of showing that the Banks have the practical ability to acquire affiliates' documents.  It is hereby

**ORDERED** that Petitioner's application to obtain document discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 is **DENIED**, except that by **February 21, 2024,** JPMC shall identify to Petitioner the entities that have possession of the requested documents, including for each such entity its service address and the name and address of an individual authorized to accept service, or if unknown, the name and address of the chief legal officer for such entity.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1.

Dated: February 7, 2024
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**